[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
On February 1, 1988, and June 1, 1989 the decedent, Bruce CT Page 3650 Welch, purchased two insurance policies of $150,000 each from plaintiff insurance company, making his wife and brothers, the defendants in this case, the beneficiaries. On July 1, 1989 plaintiff unilaterally put a cap of $150,000 coverage on any one insured, effective January 1, 1990. The decedent continued to pay premiums on both policies until his death in a skiing accident on March 8, 1990. The policies were purchased as part part of a group insurance policy through separate banks authorized to sell the policies. Plaintiff brings this action for declaratory judgment against the beneficiaries claiming a limit of $150,000 in coverage.
Each party has moved for summary judgment claiming there is no genuine issue of fact.
The defendants have alleged in their third special defense waiver and estoppel on the part of the plaintiff.
"Any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief, and the other party must change its position in reliance on those facts, thereby incurring some injury . . It is the burden of the party asserting a claim of estoppel to establish the existence of the elements essential to an estoppel; . . ., and whether that burden has been satisfied in a particular case is an issue of fact." Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 699 (1991) (emphasis added).
As much as the parties would prefer to have this matter concluded on an issue of law, it seems clear that a material question of fact exits as to whether the elements of estoppel have been met. Accordingly, both motions for summary judgment are denied.
WAGNER, J. CT Page 3651